JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PATRICIA VOGL

## DEFENDANTS
HOMELAND AT HOME; HOMELAND CENTER

**(b)** County of Residence of First Listed Plaintiff    Cumberland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Keith E. Kendall, Esq., Scaringi & Scaringi, P.C., 20 North Hanover Street, Suite 201, Carlisle, PA, 17013; 717-960-0075

Attorneys *(If Known)*
Melissa K. Atkins, Esq.
Bunker & Ray
436 Walnut Street, WA01A
Philadelphia, PA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane   ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product    Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument |    Liability   ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 320 Assault, Libel &    Slander    Pharmaceutical Personal Injury | | ❏ 820 Copyrights ❏ 830 Patent | ❏ 430 Banks and Banking ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'    Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ❏ 368 Asbestos Personal ❏ 340 Marine    Injury Product ❏ 345 Marine Product    Liability | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits |    Liability   **PERSONAL PROPERTY** ❏ 350 Motor Vehicle   ❏ 370 Other Fraud | **LABOR** ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle   ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract |    Product Liability   ❏ 380 Other Personal |    Relations | ❏ 863 DIWC/DIWW (405(g)) |    Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal    Property Damage | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise |    Injury   ❏ 385 Property Damage ❏ 362 Personal Injury -    Product Liability    Medical Malpractice | ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights   **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting   ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment   ❏ 510 Motions to Vacate | |    26 USC 7609 |    Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/    Sentence | | |    Agency Decision |
| ❏ 245 Tort Product Liability |    Accommodations   ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -   ❏ 535 Death Penalty    Employment   **Other:** | **IMMIGRATION** ❏ 462 Naturalization Application | |    State Statutes |
| | ❏ 446 Amer. w/Disabilities -   ❏ 540 Mandamus & Other    Other   ❏ 550 Civil Rights ❏ 448 Education   ❏ 555 Prison Condition   ❏ 560 Civil Detainee -     Conditions of     Confinement | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

❏ 2 Removed from State Court

❏ 3 Remanded from Appellate Court

❏ 4 Reinstated or Reopened

❏ 5 Transferred from Another District *(specify)*

❏ 6 Multidistrict Litigation - Transfer

❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 USC 623(a); 42 USC 12112(a); 42 USC 2000e-(3)(a); 29 USC 2901, et seq.

Brief description of cause:
Age, disability and retaliation discrimination; Violation of Family and Medical Leave Act

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE      DOCKET NUMBER

DATE
05/30/2019

SIGNATURE OF ATTORNEY OF RECORD
Keith E. Kendall, Esq.

## FOR OFFICE USE ONLY

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA VOGL,** | : | **No.** _____ |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **HOMELAND AT HOME;** | : | |
| **HOMELAND CENTER,** | : | |
| Defendant | : | **JURY TRIAL REQUESTED** |

1.    The Plaintiff is Patricia Vogl ("Plaintiff"), an adult individual currently residing at 307 East Elmwood Avenue, Mechanicsburg, Cumberland County, Pennsylvania, 17055.

2.    Defendant Homeland at Home is a subsidiary of Defendant Homeland Center, with both Defendants having a principal business address at 1901 North 5th Street, Harrisburg, Dauphin County, Pennsylvania, 17102.

### JURISDICTION

3.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

### VENUE

4.    Pursuant to 28 U.S.C. §1391(b)(1), the Middle District of Pennsylvania is the proper venue for the filing and prosecution of this action, in that the Defendants in this case have a principal place of business within the Middle District of Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      The Plaintiff has exhausted her administrative remedies by timely filing a Complaint with the United States Equal Employment Opportunity Commission (EEOC), on July 19, 2018.

6.      The Plaintiff received a Dismissal and Notice of Rights from the EEOC on March 11, 2019.  A true and correct copy of Plaintiff's Dismissal and Notice of Rights is attached hereto at **Exhibit A**.

## ALLEGATIONS COMMON TO ALL COUNTS

7.      Paragraphs 1 through 6 are incorporated herein, as though fully set forth.

8.      Plaintiff was hired by Defendant for a position as a Hospice Social Worker, on October 1, 2012.

9.      Plaintiff's last position with Defendant, as of October 4, 2017, was as Defendant's Assistant Director of Social Services, at a salary of $91,000.00 per year plus funding of a retirement plan and other benefits, including health insurance coverage.

10.    The Chief Executive Officer of Homeland Center is Barry Ramper.

11.    From April, 2017 until her termination from employment, Plaintiff's direct supervisor at Defendant Homeland was Deborah Klinger.

12.     Plaintiff's second level supervisor at Defendant Homeland Center was Susan Minarik, R.N., the Executive Director of Defendant at Home.

13.     In October, 2016, Plaintiff became aware, after her return from vacation, that Ms. Minarik had directed Plaintiff's coworker, Jody Brandt, to recall a Black caregiver from an assignment, because the client who requested that Defendant provide caregiving service notified Defendant that she "does not want any Black caregivers."

14.     Ms. Minarik instructed social worker Jody Brandt to recall the Black caregiver - a Registered Nurse who was en route to the assignment – back from the caregiving assignment; and send a White caregiver in her place.

15.     Plaintiff was informed about the incident upon her return to work, and during a Social Work Department meeting on October 18, 2016.

16.     The Social Work Department proposed to address the incident with Defendant's Ethics Committee, chaired by Plaintiff, during a meeting of the Ethics Committee on October 19, 2016.

17.     The meeting of October 19, 2016 resulted in the issuance, by the Ethics Committee, of six (6) recommendations to address the incident.

18.     On October 20, 2016, Plaintiff presented the Ethics Committee's October 19 meeting minutes and recommendations to Defendant Homeland's Executive Director, Sue Minarik.

19.     Upon reluctant consultation with legal counsel regarding the discriminatory incident, at which Plaintiff was present, Defendant's counsel affirmed that assigning staff based on their race was indeed an illegal discriminatory practice.

20.     Plaintiff, upon the advice of counsel, offered to draft a non-discrimination clause to be included in Defendant's admission consent form.

21.     Plaintiff prepared a non-discrimination clause on or about October 21, 2016, and sent the draft to Susan Minarik for approval.

22.     On Monday, October 24, 2016, a meeting between Defendant's Ethics Committee, CEO Ramper and Susan Minarik was convened, to address the discriminatory matter and issue it raised about Defendant's non-compliance with non-discrimination laws.

23.     Despite the representations and recommendations of Plaintiff and others to oppose the illegal discrimination at issue and to include a non-discrimination clause in Defendant's admission consent form, the Defendant refused to do so, instead denying that it had engaged in any discriminatory practice(s), in this or any other like incident(s).

24.     Defendant's proposed resolution of the discrimination, from CEO Ramper, was to twice direct Jody Brandt – Plaintiff's coworker – to go to the affected, 93-year old client's home, to discuss her racist views.

25.    On or about October 31, 2016, while Plaintiff was attending a professional conference in Florida, coworker Jody Brandt was called into a meeting of the Defendant's Ethics Committee convened by CEO Ramper.

26.    Ms. Brandt resigned her social worker employment with Defendant shortly after the meeting of October 31, 2016, in protest of the Defendant's discriminatory policies.

27.    Following Ms. Brandt's resignation, Defendant and its agents, CEO Ramper and Susan Minarik, increased their hostility towards and retaliation against Plaintiff for opposing Defendant's discriminatory practices in several ways including, but not limited to the following:

a.    Defendant and agents acting on its behalf routinely began to question Plaintiff's professional judgment;

b.    After the discriminatory incident, Defendant began calling impromptu meetings that interfered with Plaintiff's regular work activities, forcing Plaintiff to reschedule the activities and/or stay late to complete them;

c.    Plaintiff was prohibited from hiring any new employees without the advice and consent of Defendant and agents acting on its behalf;

d.    Defendant terminated and ended Defendant's Ethics Committee, without notice to or input from Plaintiff; and

e.    Defendant repeatedly chastised Plaintiff for making an issue of the racial discrimination incident.

5

28.     On June 24, 2017, Plaintiff's teenage son died in accidental drowning.

29.     Pursuant to Defendant's attendance policy, Plaintiff was entitled to 3 days' bereavement leave.

30.     Plaintiff's son's funeral was not held until July 1, 2017, for which Plaintiff was required by Defendant to use 7 days of paid time off, in order to attend her son's funeral.

31.     Defendant's Executive Director Minarik directed Plaintiff to apply for disability and submit a request for Family and Medical Leave Act ("FMLA") leave.

32.     On July 11, 2017, while continuing to suffer the emotional and mental health effects of her child's death, Plaintiff requested that she be permitted to return to work on July 17, 2017; and that she be permitted to work half days at the office and half days at home, due to her continuing fatigue and difficulty concentrating.

33.     Plaintiff's request for this accommodation was denied, without discussion, by Defendant.

34.     Despite having accrued substantial paid time off ("PTO"), Plaintiff was forced to take FMLA leave beginning July 11, 2017, with an anticipated end date of August 11, 2017.

35.     During July, 2017, Plaintiff needed to undergo oral surgery, and while in severe pain from the surgery and despite continuing to suffer the emotional and psychological effects from her son's death, offered to work part-time, which offer the Defendant denied.

36.     As a result of this accommodation denial, and while still suffering the emotional and mental health effects of her son's death, Plaintiff was required to submit another FMLA application for the period July 11, 2017 until October 6, 2017.

37.     While Plaintiff was on FMLA leave, Defendants convened a meeting with Plaintiff's staff, to formulate a plan to address her absence until Plaintiff would be able to return to work.

38.     Rachael Young was appointed as Interim Director, and agreed to remain in that position until January 1, 2018.

39.     Grief syndrome was listed as a reason for Plaintiff's original FMLA leave forms, and on all medical leave of absence requests, for which she regularly treated with health care providers, including a grief counselor; and began taking medication for her health conditions.

40.     On September 15, 2017, Plaintiff notified Defendants that her health care providers recommended that she resume her employment by first working part-time, and then gradually resuming her full-time duties at work.

41.     On October 4, 2017, Defendants denied Plaintiff's requests for accommodation and medical leave without further discussion, and terminated Plaintiff's employment and her health insurance coverage, effective October 6, 2017.

42.     On October 18, 2017, Defendants hired Mary Peters, a younger, less experienced, non-disabled person, to replace Plaintiff.

43.    Defendants have a pattern and/or practice of terminating older employees in favor of hiring younger employees; who have no health-related issues and/or have no entitlement to FMLA leave; and who do not fall under Defendant's pension plan.

44.    Defendants have a pattern and/or practice of terminating or otherwise punishing employees who oppose practices made unlawful by state and/or federal non-discrimination laws.

### COUNT I:  Violation of Age Discrimination in Employment Act
### 29 U.S.C. § 623(a)

45.    Paragraphs 1 through 44 hereinbefore are incorporated herein, as if fully set forth.

46.    Based upon the foregoing allegations, Defendants have discriminated against Plaintiff because of her age, by replacing her with a younger, less experienced and/or less qualified person.

WHEREFORE, Plaintiff requests a jury trial as to this Count; and an award thereafter of any relief to which she may be or become entitled, under the Age Discrimination in Employment Act including, but not limited to reinstatement; actual damages (lost wages and benefits); compensatory damages, liquidated damages, attorney fees and the expenses of this civil action; and such other relief as the Court may deem justified.

## COUNT II – Violation of Americans with Disabilities Act

47.     Paragraphs 1 through 46 hereinbefore are incorporated herein, as if fully set forth.

48.     Based upon the foregoing, Plaintiff is a qualified individual with a disability who, as such, was entitled to an accommodation from Defendant, for her disabilities.

49.     The Defendant refused to grant Plaintiff's requests for accommodate o her disabilities; and failed to engage in any meaningful dialogue to address Plaintiff's accommodation requests.

50.     Based upon the foregoing allegations, Defendants have discriminated against Plaintiff because of her disabilities, as required by the Americans with Disabilities Act, by failing or refusing to provide Plaintiff with a reasonable accommodation for her qualifying disabilities.

WHEREFORE, Plaintiff requests a jury trial as to this Count; and an award thereafter of any relief to which she may be or become entitled under the Americans with Disabilities Act including, but not limited to reinstatement; actual damages (lost wages and benefits); compensatory damages, liquidated damages, attorney fees and the expenses of this civil action; and such other relief the Court may deem to be justified in this matter.

## COUNT III – Violation of Title VII

51.    Paragraphs 1 through 50 hereinbefore are incorporated herein, as though fully set forth.

52.    As set forth hereinbefore, Plaintiff opposed a racially discriminatory incident by Defendants; and by opposing Defendants' discriminatory practices and policies; and by recommending and drafting a non-discrimination policy that was rejected by Defendants.

53.    Plaintiff was terminated by Defendants in retaliation for her opposition to Defendants' illegally discriminatory acts and omissions, set forth hereinbefore.

WHEREFORE, Plaintiff requests a jury trial as to this Count; and an award thereafter of any relief to which she may be or become entitled under the Title VII of the Civil Rights act of 1964, as amended including, but not limited to reinstatement; actual damages (lost wages and benefits); compensatory damages, liquidated damages, attorney fees and the expenses of this civil action; and such other relief as the Court may deem justified.

## COUNT IV – Violation of Family and Medical Leave Act

54.    Paragraphs 1 through 53 hereinbefore are incorporated herein, as though fully set forth.

55.    Defendant refused to allow Plaintiff the full measure of FMLA leave to which she was entitled under the Act, by being deprived of FMLA bereavement leave

to attend her son's funeral; and by being terminated prior to the conclusion of her full period of FMLA leave.

56.     Plaintiff's termination prior to the conclusion of her FMLA leave was retaliation by Defendant for her use of FMLA leave.

WHEREFORE, Plaintiff requests a jury trial as to this Count; and an award thereafter of any relief to which she may be or become entitled under the Title VII of the Civil Rights act of 1964, as amended including, but not limited to reinstatement; actual damages (lost wages and benefits); compensatory damages, liquidated damages, attorney fees and the expenses of this civil action; and such other relief as the Court may deem justified.


Date: May 30, 2019                      s/Keith E. Kendall
                                        Keith E. Kendall, Esq.
                                        Scaringi & Scaringi, P.C.
                                        Attorney for Plaintiff
                                        20 North Hanover Street, Suite 201
                                        Carlisle, PA 17020
                                        717.960.0075 (T)
                                        717.960.0074 (F)
                                        *keith@scaringilaw.com*