UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA VOGL,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 1:19-924 |
| v. | : | (MANNION, D.J.) |
| | | (CARLSON, M.J.) |
| **HOMELAND AT HOME,** *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

Pending before the court is the August 30, 2022 report of Judge Carlson, (Doc. 81), which recommends that the motion for summary judgment, (Doc. 62), filed by the two defendants Homeland at Home and Homeland Center, (collectively referred to as "Homeland"), be granted as to plaintiff Patricia Vogl's ADEA and FMLA claims and, be denied as to her Title VII retaliation claim and her ADA failure to accommodate claim.[1]

On September 13, 2022, Homeland filed objections to Judge Carlson's report only with respect to the recommendations that the court should deny their motion for summary judgment on Vogl's Title VII retaliation claim, (Count III), and her ADA failure to accommodate claim, (Count II). Homeland simultaneously filed a brief in support of its objections to the report. (Doc.

---

[1] The court notes that defendants jointly filed their motion for summary judgment, Doc. 62, on July 9, 2021.

83). On September 26 & 27, 2022, Vogl filed two identical briefs in opposition to Homeland's objections. (Docs. 84 & 85).

The court has reviewed Judge Carlson's report, and it will **ADOPT IN ITS ENTIRETY** the report. The court will **GRANT** Homeland's motion for summary judgment as to Vogl's ADEA and FMLA claims and, it will **DENY** Homeland's motion as to Vogl's Title VII retaliation claim and her ADA failure to accommodate claim.

I.     STANDARD OF REVIEW[2]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

---

[2]Since Judge Carlson states the appropriate standards with respect to a summary judgment motion and with respect to the plaintiff's Title VII retaliation claim and her failure to accommodate ADA claim, the court will not repeat them herein. *See also* E.E.O.C. v. Allstate Ins. Co., 778 F.3d 444, 449 (3d Cir. 2015) (discussing prima facie case of an ADA retaliation claim); Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500–01 (3d Cir. 1997) (holding that the burden-shifting framework of *McDonnell Douglas* applies to retaliation claims under the ADA); Armstrong v. Burdette Tomlin Mem'l Hosp., 438 F.3d 240, 246 (3d Cir. 2006) (stating elements for ADA failure-to-accommodate claim).

the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31."[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." Garceran v. Morris County Prosecutors Office, 2015 WL 858106, *1 (D.N.J. Feb. 27, 2015) (citing United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987)).

3

## II. DISCUSSION[3]

Briefly, by way of background, Homeland moved for summary judgment with respect to all of Vogl's claims, namely, that Homeland violated Title VII, the ADA, the FMLA, and the ADEA when it terminated her employment on October 6, 2017. Neither party objects to the report's recommendation that Homeland's motion for summary judgment be granted as to Vogl's ADEA and FMLA claims. Rather, Homeland objects to the report's findings that "there are genuine disputes of material fact that preclude summary judgment on the plaintiff's Title VII and ADA claims."

The report finds that Vogl has sufficiently shown her termination was causally connected to an October 2016 incident involving alleged racial discrimination against an African American nurse employed by Homeland when a patient's granddaughter caregiver told a social worker that her grandmother "[didn't] want any black people coming [to her house for home health medical care]." Additionally, the report finds that Vogl has shown that she was disabled under the ADA, and that there was enough evidence to show that Homeland failed to accommodate her disability. Further, the report finds that the evidence is disputed as to whether Homeland had a legitimate nondiscriminatory and nonretaliatory reason for terminating

---

[3]Since the full factual background of this case as well as the undisputed material facts are stated in Judge Carlson's report, as well as the briefs of the parties, and in the statements of facts and response regarding defendants' dispositive motion, they shall not be fully repeated herein.

Vogl's employment. In particular, the report finds that evidence has been presented by Vogl that there was "longstanding animus" against her for opposing racial bias that motivated Homeland's decision in terminating her.

Thus, the report finds that "Vogl has set forth sufficient evidence from which a factfinder could conclude that her termination was a pretext for retaliation, and that Homeland failed to accommodate Vogl in good faith."

As such, the report recommends that Homeland's motion for summary judgment should be denied with respect Vogl's Title VII retaliation claim and her ADA failure to accommodate claim. The court concurs with the report's analysis and finds that Homeland is not entitled to summary judgment with respect to the stated two claims.

With respect to the Title VII claim, the evidence, as detailed in the report, shows facts, which viewed in the light most favorable to the plaintiff, that she was retaliated against and subjected to constant harassment after she opposed the unlawful racial discrimination of a nurse employed by Homeland. Further, despite Homeland's proffered legitimate, nonretaliatory reason for Vogl's termination, namely, the expiration of her 12-week FMLA leave, there is sufficient evidence presented by Vogl to show that this reason may have been a pretext for retaliation.

Thus, the report will be adopted regarding its recommendation that Homeland's motion for summary judgment be denied with respect to Vogl's Title VII retaliation claim since "there exists a question for a jury as to the

motive behind Vogl's termination and whether it was in retaliation for her opposition to the racially discriminatory incident."

The objections raised by Homeland to the report with respect to the Title VII retaliation claim largely rehash the arguments it presented in its briefs regarding its summary judgment motion, but the material issues, such as whether Vogl established "but for" causation with respect to this claim, are clearly matters for a jury to decide since the record, as recounted in the report, shows that there are genuine factual disputes.

Thus, the court will overrule Homeland's objections to the report's recommendation that Vogl's Title VII retaliation claim proceed and, its summary judgment motion will be denied regarding this claim.

Next, regarding the ADA failure to accommodate claim, the report finds that the evidence presented showed Vogl requested a reasonable accommodation that would not be a "clearly ineffective or outlandishly costly" burden on Homeland, namely, to return to work, after her FMLA leave expired, in a hybrid fashion by working part time in the office and part time from home. Also the report points out that the evidence is disputed as to whether it was possible for Homeland to have accommodated Vogl by allowing her to temporarily work part time from home. The report further finds that the evidence is disputed as to whether there was a good faith effort by Homeland to accommodate Vogl.

Homeland objects to the report regarding the ADA claim arguing that it failed to address the threshold issue of whether Vogl had a "disability" or whether she was qualified to perform the essential functions of her job, with or without accommodation.

No doubt that "[a] plaintiff bringing an ADA failure-to-accommodate claim must establish: (1) [s]he was disabled and [her] employer knew it; (2) [s]he requested an accommodation or assistance; (3) [her] employer did not make a good faith effort to assist; and (4) [s]he could have been reasonably accommodated." Capps, 847 F.3d at 157 (internal quotations and citation omitted). Homeland points to the evidence which showed that Vogl only testified that she was suffering from grief reaction and not depression or anxiety, and it contends that grief is not a recognized disability under the ADA. It also contends that even if grief reaction was considered a disability, Vogl cannot establish that she was a "qualified individual" under the ADA since her own doctor's medical certifications indicated that she was not able to perform any work in October of 2017, and that she was unable to perform the undisputed essential functions of her job at that time. Homeland further states that the medical certification produced by Vogl in 2017 did not describe any accommodation that would allow her to work a hybrid schedule as she claims would have constituted a reasonable accommodation.

The report notes Homeland's contention that Vogl was not disabled under the ADA, (Doc. 81 at 9), and then discusses the evidence which

showed that before her FMLA leave expired, Vogl's physician, Dr. Rubertone, filled out paperwork related to her claim for short term disability benefits and stated that Vogl "continues to process grief from sudden, tragic loss of her son, is on medications and undergoing therapy for same." (Doc. 81 at 6) (citing Doc. 75-17, at 3). The report also indicates that Dr. Rubertone opined that Vogl could return to full-time work on January 1, 2018.

In her brief in opposition to Homeland's objections, Vogl contends that in July of 2017, she suffered from a temporary disability, namely, that after the sudden, unexpected death of her son, she suffered from "grieving symptoms", including "episodes of crying, back and chest pain, severe fatigue, difficulty getting out of bed in morning, excess sleep, excess anxiety and sadness." (Doc. 85 at 11). It is clear that Vogl has the "burden of demonstrating that [s]he has a disability under the ADA before any claim can proceed to trial." Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000). As the report finds, Vogl has sufficiently established that she had a disability.

The court in Gardner v. SEPTA, 410 F.Supp.3d 723, 734-35 (E.D. Pa. 2019), explained:

> Plaintiff can establish he has a disability under ADA by showing he has a "'a physical or mental impairment that substantially limits [a] major life activit[y],' has 'a record of such an impairment,' or is 'regarded as having such an impairment.'" Mills v. Temple Univ., 869 F. Supp. 2d 609, 620 (E.D. Pa. 2012) (quoting 42 U.S.C. §12102(2)(A), (B), (C)). In order to determine whether a physical or mental impairment limits a major life activity, the court must evaluate the

8

"specific life activities that the plaintiff claims are affected," determine whether they are "major life activit[ies]" and whether they are limited by the plaintiff's impairment. *Id.*

With the passage of the ADA Amendments Act of 2008 ("ADAAA"), Congress expanded the statute's non-exhaustive list of "major life activities" and declared that "[t]he definition of disability shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act." *Id.* (quoting Pub.L. No. 110–325, §§2(b)(1)-(6), 3(2)(a), §4(a), 122 Stat. 3553, 3555). "Whether an individual is substantially limited in performing a major life activity is a question of fact." Sowell v. Kelly Servs., Inc., 139 F. Supp. 3d 684, 698 (E.D. Pa. 2015). The ADAAA states that "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C.A. §12102.

The court shall overrule Homeland's objection to the report regarding its recommendation that Vogl's ADA failure-to-accommodate claim proceed since, construed broadly in favor of the plaintiff as required under the ADAAA, Vogl has sufficiently established that she had an ADA recognized disability and, that she was substantially limited in performing major life activities. The court also finds that there are genuine issues of material fact as to whether Vogl was able to perform the essential functions of her job, with accommodation, during the relevant time period. (*See* report at Doc. 81 at 6, noting that "Vogl contends that she believed she could have returned to work on a part-time or hybrid basis of working in the office and working from home"). *See id*. at 739 ("A 'qualified individual' under the ADA is

defined as one who 'with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" (quoting 42 U.S.C. §12111(8)).

Therefore, the court will deny Homeland's motion for summary judgment with respect to Vogl's ADA failure to accommodate claim.

### III. CONCLUSION

The court has reviewed the recommended reasons for granting, in part, and denying, in part, Homeland's summary judgment motion, (Doc. 62), presented by Judge Carlson in his report, (Doc. 81). Because the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error in the record, the court will **ADOPT** the report in its entirety. The court will **GRANT** Homeland's summary judgment motion with respect to Vogl's ADEA and FMLA claims. The court will **DENY** Homeland's summary judgment motion as to Vogl's Title VII retaliation claim and her ADA failure to accommodate claim. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 4, 2022**
19-924-01